BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-03-0452-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY 22, 2004


______________________________



JEFFERY THOMAS PARADISE,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 411TH DISTRICT COURT OF POLK COUNTY;



NO. 17,149; HON. ROBERT HILL TRAPP, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Jeffery Thomas Paradise (appellant) appeals his conviction for indecency with a
child. The clerk's record was filed on October 27, 2003, and the reporter's record was filed
on December 1, 2003. Thus, appellant's brief was due on December 31, 2003. However,
one was not filed on that date. On January 9, 2004, this Court notified counsel for
appellant that neither the brief nor an extension of time to file appellant's brief had been
filed. Counsel for appellant was also admonished that if appellant did not respond to the
court's letter by January 20, 2004, the appeal would be abated to the trial court. That date
has passed, and appellant has not filed a brief or moved for an extension. Nor has he
responded to the court's January 9th letter.

 Consequently, we abate this appeal and remand the cause to the 411th District
Court of Polk County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:

 1. whether appellant desires to prosecute the appeal;

 

 2. whether appellant is indigent and entitled to appointed counsel; and,


 3. whether appellant has been denied the effective assistance of counsel
due to appellate counsel's failure to timely file an appellate brief. See
Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d
821, 828 (1985) (holding that an indigent defendant is entitled to the
effective assistance of counsel on the first appeal as of right and that
counsel must be available to assist in preparing and submitting an
appellate brief). 

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, has appointed counsel, and has been denied effective
assistance of counsel, or has no counsel, then we further direct it to appoint new counsel
to assist in the prosecution of the appeal. The name, address, phone number, telefax
number, and state bar number of the new counsel who will represent appellant on appeal
must also be included in the court's findings of fact and conclusions of law. Furthermore,
the trial court shall also cause to be developed 1) a supplemental clerk's record containing
the findings of fact and conclusions of law and 2) a reporter's record transcribing the
evidence and argument presented at the aforementioned hearing. Additionally, the trial
court shall cause the supplemental clerk's record to be filed with the clerk of this court on
or before February 23, 2004. Should additional time be needed to perform these tasks, the
trial court may request same on or before February 23, 2004.

 It is so ordered.

 Per Curiam

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004).